Jayson WEST, Plaintiff,

v.

**LAKE STATE RAILWAY COMPANY,**
**Defendant.**

CASE NO. 1:16–cv–12626

United States District Court,
E.D. Michigan,
Northern Division.

Signed 06/09/2017

Benjamin J. Wilensky, Arvin J. Pearlman, Sommers Schwartz, P.C., Southfield, MI, for Plaintiff

Chloe G. Pedersen, Janet H. Gilbert, Peter C. McLeod, Fletcher & Sippel LLC, Chicago, IL, for Defendant

## ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL (Docs. 18, 19)

Patricia T. Morris, United States Magistrate Judge

## I. INTRODUCTION

Plaintiff's complaint avers that on September 21, 2015, he was injured during the course of his employment with Defendant "when he was required to release a defective hand brake on a railroad car." (Doc. 1 at ID 2.) Plaintiff "attempted to release a hand brake on a rail car" and "immediately felt pain in his left arm and shoulder, in his neck and in his chest" and has "experienced significant pain and suffering, including, but not limited to, pain and numbness in his arm, shoulder, and neck, and pain throughout his body" and "Plaintiff has been diagnosed with thoracic outlet syndrome as a direct result of the incident[.]" (Doc. 1 at ID 3.) Plaintiff raises a claim for negligence under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 et seq. (Count 1), a claim for violation of the Railroad Safety Appliance Act, 49 U.S.C. § 20302(a)(1)(B) and 49 C.F.R. § 231 et seq. (Count 2), and a claim for aggravation of injuries (Count 3).

On May 10, 2017, Plaintiff filed the instant motion to compel production of documents and for sanctions. (Doc. 18.) Defendant has responded (Doc. 27,) and Plaintiff replied. (Doc. 30.) On May 17, 2017, Plaintiff filed a motion to compel discovery of a surveillance video of Plaintiff. (Doc. 19.) Defendant responded (Doc. 28,) and Plaintiff replied. (Doc. 32.) U.S. District Judge Ludington referred the instant motions to the undersigned on May 15, 2017. (Doc. 20.) Oral argument was held in these matters on June 8, 2017.

## II. LAW and ANALYSIS

### A. Motion to compel production of documents (Doc. 18)

In this motion, Plaintiff seeks production of documents that were eventually mentioned in a privilege log given to Plaintiff by defense counsel on May 12, 2017.

■ Plaintiff made requests for production of documents on September 28, 2016. Under Fed. R. Civ. P. 30(b)(2)(A), Defendant was required to respond to the requests within 30 days. Defendant timely responded but did not include a privilege log or other description of any documents withheld as required by Rule 26(b)5). Instead, in its response to the requests in October 2016, Instead, Defendant included a general statement that Defendant reserved the right to withhold any documents protected by the attorney-client or attorney work product privilege. (Doc. 27, Ex. C.)

Plaintiff learned of the existence of one of the documents eventually included in the privilege log during a deposition of Defendant's employee, Luke Jarvinen. The document is dated October 26, 2016, is from Mr. Jarvinen, and it contains notations regarding whether Plaintiff violated any safety rules on the date of his injury. The deposition of Mr. Jarvinen was held on May 9, 2017. On May 10, Plaintiff filed the instant motion to compel. (Doc. 18.) On May 12, 2017, Defendant delivered a privilege log to Plaintiff listing the Jarvinen document, the surveillance videos taken of Plaintiff (one dated October 20–21, 2015, and another dated February 21, 2017), a memorandum dated October 21, 2015, from the surveillance contractor containing notes about the significance of what was observed, and four other items. (Doc. 27, Ex. G.) Discovery closed on May 15, 2017.

Defendant's generalized statement that it could withhold privileged documents is completely insufficient under Fed. R. Civ. P. 26(b)(5). The rule requires the party to make an express claim of privilege claimed as to each document, and to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and to do so in a manner that, without revealing information itself privileged or protected, will

enable other parties to assess the claim." Rule 26(b)(5)(i) and (ii). In addition, the rule requires a party to supplement his responses to requests for disclosure, including requests for production of documents, "in a timely manner." Rule 26(e).

Defendant did not comply with the rules. Defendant could have complied with the rules by delivering a privilege log or by providing the information sufficient to satisfy the rules in any other manner to Plaintiff in October 2016, and by supplementing the requests with documents or tangible things discovered or created after that time. Instead, Plaintiff was completely unaware of the existence of any surveillance videos or other documents now listed in the privilege log until May 9, 2017 during the deposition of Mr. Jarvinen, and on May 12, 2017, when the log was provided to Plaintiff.

When first asked about the documents, defense counsel, via e-mail to Plaintiff's counsel, indicated that "[b]ecause no date was set for the production of a privilege log and none is outlined by the local rules or our assigned judges, the normal course is to provide the log within a reasonable time of the close of discovery" and that counsel would be happy to provide the log. (Doc. 27, Ex. I, at ID 399, dated May 10, 2017.) Counsel's observations about the timing are in error and are telling as to counsel's intent to withhold documents and only disclose their existence near the close of discovery.

Under Rule 26(b)(2)(A), defense counsel should have made any of the express claims of privilege and a reasonable explanation of the nature of the documents not produced as required by Rule 26(b)(5) within the 30 days given to Defendant to respond, i.e., in October 2016, and within a reasonable time thereafter as more documents or tangible things were discovered or created as required by Rule 26(e).

At oral argument, defense counsel contended that none of the documents now listed on the privilege log were responsive to the requests for production of documents made by Plaintiff, except the surveillance videos. Defense counsel concedes that the surveillance videos were specifically requested and not provided or even described in response to the requests for production made by Plaintiff in September 2016.

When asked how defense counsel chose the documents listed on the privilege log from all other non-responsive documents, counsel did not have a reasonable explanation. I suggest that defense counsel chose this limited number of documents to be included on the privilege log because counsel believed these documents are responsive to the request. If they are not responsive, there would be no point in singling them out from all the other documents for inclusion on the privilege log.

I find that Defendant's failure to comply with Rule 26(b)(5) is not excused by either its belief that it did not have to comply with the rule until sometime near the close of discovery or its explanation that the documents now chosen to be sufficiently responsive as to garner placement on the privilege log were so non-responsive that Defendant did not need to mention them within the rule's time limits. Accordingly, I find that Defendant violated the pertinent discovery rules.

■ The next question is what sanction should be imposed for this failure. Plaintiff asks the Court to find that Defendant has waived its right to claim any privilege over the documents described in the privilege log, or, in the alternate, for the Court to conduct an *in camera* review of the documents to determine which, if any, are entitled to protection from production. Plaintiff's counsel notes that if any potential privilege is not deemed waived by the court, and the documents are merely reviewed *in camera*, Defendant will suffer no consequences for failing to comply with the rules. Rule 37(c) and (b)(2) permit a wide range of sanctions for failure to comply, including waiver as suggested by Plaintiff. In considering whether waiver of privilege is an appropriate sanction for failure to comply with Rule 26(b)(5), our sister district court has aptly observed

It would be manifestly unfair and contrary both to the letter of Rule 26(b)(5) and its purpose, which is to counteract the unfairness created by a party's decision to withhold such information without notice, *see*, Advisory Committee Notes to the 1993 Amendments) to permit a party, after fail-

ing to make a timely disclosure that it had withheld documents and the reason why it did so, to succeed on a claim of privilege by first asserting the privilege in response to a motion to compel (or under the threat of an impending motion). For that reason, the Court finds that any claim of privilege...has been waived, and the Court will order the production of the documents." *Brown v. Tellermate Holdings Ltd,* No. 2:11-cv-1122, 2013 WL 1363738, at *4 (S.D. Ohio, Apr. 3, 2013). Here, defense counsel did not disclose the existence of the documents and surveillance videos now described on the privilege log until more than six months after such disclosure should have been made and only after a deposition answer revealed the existence of one such document. In addition, the discovery of this withheld document certainly raised the threat of a motion to compel being filed; indeed, the instant motion was filed the next day. I find that it would be manifestly unfair for the defense to suffer no consequences from its flagrant non-compliance. I therefore conclude that any privilege as to items on the privilege log has been waived by Defendant's failure to comply with the letter or spirit of the discovery rules.

Accordingly, Plaintiff's motion to compel will be granted.

### B. Motion to compel production of surveillance videos (Doc. 19)

As addressed above, the surveillance videos were included in the privilege log provided by Defendant in May of 2017 and I find any privilege asserted by Defendant has been waived.

■ However, I will also address the merits of the assertion of attorney work product privilege as to the surveillance videos to clarify the standards applicable to this inquiry. The attorney work product privilege "protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." *In re Professionals Direct Ins. Co.,* 578 F.3d 432, 438 (6th Cir. 2009). Courts have distinguished between opinion and factual attorney work product.

■ "Fact work product consists of factual material while opinion work product consists of mental impressions, conclusions, opinions, or legal theories of an attorney." *State Farm Fire & Cas. Co. v. Nokes,* 263 F.R.D. 518, 523 (N.D. Ind. 2009). In order to be considered fact attorney work product, the attorney must have done something with the facts, e.g., edited film, summarized factual information, organized data, or created a chart or other demonstrative visual from the factual information. Without the attorney's handiwork, there is no attorney work product. This follows from the general principle that underlying facts or data are not protected from disclosure under any privilege. *Graff v. Haverhill N. Coke Co.,* No. 1:09-cv-670, 2012 WL 5495514, at *50 (S.D. Ohio Nov. 13, 2012). "Factual information gathered during an attorney's investigation of an incident is discoverable, even if the information became known solely through the attorney's efforts." *Askew v. City of Memphis,* No. 14-cv-2080-STA-tmp, 2015 WL 12030096, at *2 (W.D.Tenn. July 23, 2015), *citing Oklahoma v. Tyson Foods, Inc.,* 262 F.R.D. 617, 630, n. 15 (N.D. Ok. 2009).

Fed. R. Civ. P. 26(b)(3) was amended in 1970 to expand protection to not only attorney work product but also to "materials prepared in anticipation of litigation or preparation for trial by or for a party or any representative acting on his behalf." Advisory Committee Notes; accord, 8 Wright & Miller, Federal Practice & Procedure, § 2024. Although courts interchange attorney work product and Rule 26(b)(3) as if they are commensurate, Rule 26(b)(3) is more expansive than the traditional definition of attorney work product.

■ Rule 26(b)(3) provides

Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4)[trial preparation; experts], those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1)[relevance]; and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent my other means.

In this case, Defendant indicated it would be using the surveillance videos for impeachment purposes only and would stipulate to not using them as evidence in Defendant's case. Consequently, the videos purportedly do not corroborate Plaintiff's claim of injury but rather, at least in part, would tend to contradict Plaintiff's claim.

All agree that the videos were prepared in anticipation of trial, and all agree that the first factor, relevance, is easily met in this case since the cause and extent of Plaintiff's injuries are the most salient issues. The second factor, substantial need, remains in dispute.

Research has not revealed any Sixth Circuit case applying the 26(b)(3) standards with respect to surveillance videos.[1] However, several district court cases provide ample guidance. In *Roa v. Tetrick*, 1:13–cv–379, 2014 WL 695961, at *5 (S.D. Ohio Feb. 24, 2014), the court noted that "courts have uniformly ordered the discovery of surveillance videos" in personal injury cases because they have "recognize[ed] that video or film can sometimes be misleading or incomplete, depending on editing or other circumstances." The court cited a case example where video showed the plaintiff lifting a heavy bag of groceries but did not show the plaintiff's painful grimace he wore while doing so.

Defendant argued that Plaintiff does not have a need for the videos since they will only be used for impeachment purposes. "To the contrary, the current weight of authority suggests that representations contained in videotape are indeed substantive evidence, and retreats from the previously held belief that evidence used for impeachment is of a kind different and distinguishable from evidence used to prove a case." *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 153 (1993)(citations omitted). The Court in *Hummer v. BNSF Railway Co.*, No. 06-CV-1218, 2006 WL 3523752, at *1–2 (C.D. Ill. Dec. 6,

2006), analyzed the opinion in *Fisher*, and concluded that "surveillance footage which Defendant [ ] states will be used for purposes of impeachment of Plaintiff at trial is substantive evidence and must be produced." The Court also found that a substantial need had been shown and that disclosure "also serves the collateral interests identified by many other courts, including concerns for authenticity, encouraging settlement, and fairness." In this case, I would also add to the list of interests served by disclosure that Plaintiff cannot travel back in time to produce the equivalent, that Plaintiff cannot find the video's equivalent anywhere else and that Plaintiff is not attempting to evade his responsibility and exploit his opponent's labors.

Finally, Defendant contended that Plaintiff does not need the video since he is well aware of his own condition and abilities. This would hold true if the video corroborated Plaintiff's claimed severity of injury because Plaintiff has his own medical records and testimony to rely on and would not need any further corroborating evidence from a video in harmony with his claim. *Fletcher v. Union Pacific Railroad Co.*, 194 F.R.D. 666, 673 (S.D. Cal. 2000). However, this case fits squarely within the pronouncement in *Snead v. American Export–Isbrandtsen Lines, Inc.*, 59 F.R.D. 148, 150 (E.D. Pa. 1973) that "[t]he only time there will be substantial need to know about surveillance pictures will be in those instances where there would be a major discrepancy between the testimony the plaintiff will give and that which the films would seem to portray" i.e., when the video will be used for impeachment purposes. I therefore find that Plaintiff has shown a substantial need to obtain the surveillance videos.

### C. Conclusion

For all the reasons stated above and as discussed on the record, I hereby grant Plaintiff's motion to compel production of documents (Doc. 18) and Plaintiff's motion to compel surveillance videos (Doc. 19.)

---

1. At oral argument, defense counsel cited a Sixth Circuit case, *In Re Perrigo*, 128 F.3d 430, but later conceded that it did not involve surveillance videos.

Therefore, all of the documents and surveillance videos listed on the privilege log dated May 12, 2017 (Doc. 27, Ex. G) must be provided to Plaintiff within 3 days of entry of this Order.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).